### STATE OF CONNECTICUT *v.* TIMOTHY B. BLUE
### (3485)

HULL, SPALLONE and BIELUCH, Js.

Argued February 11—decision released April 8, 1986

*David F. Egan,* public defender, for the appellant (defendant).

*Julia DiCocco Dewey,* assistant state's attorney, with whom, on the brief, were *Arnold Markle,* state's attorney, *Thomas V. O'Keefe, Jr.,* deputy assistant state's attorney, and *Howard K. Coates, Jr.,* legal intern, for the appellee (state).

SPALLONE, J. The defendant is appealing from his judgment of conviction, after a jury trial, of the crimes of burglary in the second degree in violation of General Statutes § 53a-102 (a), burglary in the first degree

in violation of General Statutes § 53a-101 (a) (1), robbery in the first degree in violation of General Statutes § 53a-134 (a) (3), unlawful restraint in the first degree in violation of General Statutes § 53a-95 (a), and larceny in the third degree in violation of General Statutes § 53a-124 (a) (1).

The jury could reasonably have found the following facts. On December 6, 1983, at approximately 6:20 p.m., John Morytko was in his home when he heard the front door being opened. A black male entered the premises and approached Morytko who thereupon took the intruder by the arm and escorted him outside. Morytko then called the police. At approximately 11:30 p.m. that same evening, Morytko identified the defendant as the person who had entered his home.

Also on December 6, 1983, at about 6:30 p.m., Evelyn Massimin was in her home wrapping Christmas presents. She had occcasion to enter a closet and, upon emerging therefrom, she encountered a black male who, while holding scissors in his hand, threatened to kill her. The intruder forced Massimin to accompany him to an upstairs bedroom where he removed a necklace from her neck and took additional assorted jewelry and other valuables later determined to be valued in excess of $10,000. The intruder then bound Massimin with a telephone cord. On December 8, 1983, Massimin, through a photo array, identified the defendant as the intruder who entered her home, bound and robbed her. The Morytko residence and Massimin's home are located approximately 250 yards from each other in Meriden.

During the course of the trial, a leatherlike jacket belonging to the defendant was introduced into evidence by the state. The jury returned its guilty verdict later that afternoon. Following the return of the verdicts, it came to the attention of the court that unknow-

ingly a letter was left in a pocket of the jacket marked in evidence. The letter was seen by at least one juror, who notified the court of its existence. The trial was commenced on June 5, 1984, and ended with the jury's verdicts on June 11, 1984. The court learned of the letter on June 12, 1984.

On July 20, 1984, the defendant moved for a new trial on the basis of the fact that at least one juror had seen a document that was not in evidence. In the alternative, the defendant requested an evidentiary hearing which would afford him an opportunity to produce evidence to establish his claim for a new trial. The court denied both requests and proceeded to sentence the defendant.

The defendant has raised only one issue in his amended statement of issues, the claim that the trial court committed reversible error in denying his motion for an evidentiary hearing to determine the prejudicial effect of extrinsic evidence on the jury.

The essence of the defendant's claim is that, although the content of the letter was innocuous, the return address on the blank envelope in which it was enclosed was the street address of the correctional center where he had been incarcerated, i.e., "245 Whalley Avenue, New Haven, CT 06511," with no further identification of the premises.

At the hearing on the motion for a new trial or for an evidentiary hearing, the trial court, in denying the motion, concluded that the appearance of the letter in the jury room was an inadvertence and was not caused by any improper conduct of the state or jury, and that the content of the letter and the street address on the envelope could not have caused an improper influence on the jury. The court noted that there was other evidence before the jury indicating that the defendant had

previously been arrested and incarcerated. Even in the unlikely event that the juror who saw the letter or other jurors who might have seen it knew that "245 Whalley Avenue" was the address of the local correctional facility, it could not be prejudicial to the defendant because the fact of his incarceration was already in evidence as indicated by the comments of the trial judge.

Our Supreme Court has ruled that a formal evidentiary hearing is not required before a court may rule on the prejudicial effect of an evidentiary error. In *State* v. *Asherman,* 193 Conn. 695, 738–41, 478 A.2d 227 (1984), cert. denied, 470 U.S. 1050, 105 S. Ct. 1749, 84 L. Ed. 2d 814 (1985), the court affirmed the trial court's ruling on a motion for a new trial that an experiment conducted by the jurors with items brought by them into the deliberation room improperly was not found to be prejudicial. See also *State* v. *McCall,* 187 Conn. 73, 81, 444 A.2d 896 (1982).

The trial court clearly applied the standard enunciated in *State* v. *Asherman,* supra, 739–40, citing *State* v. *Graham,* 422 So. 2d 123, 132 (La. 1982), which is that "when a juror passes beyond the record evidence in reaching a decision, whether a new trial will be granted depends upon the magnitude of the juror's deviation from his proper role, the degree to which the accused was deprived of the benefits of the constitutional and statutory safeguards, and the likelihood that the impropriety influenced the jury's verdict. All of these elements must be weighed in determining whether there is a reasonable possibility that the defendant's right to a fair trial has been prejudiced."

We cannot say that the court's ruling was clearly erroneous. Under the circumstances in this case, there exists a reasonable basis for the trial court's ruling and we conclude that the trial court's denial of the defend-

ant's motion for a new trial on the ground stated cannot be disturbed.

There is no error.

In this opinion the other judges concurred.